```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ANDREW S. PALUMBO                        *      CIVIL ACTION

versus                                   *      NO. 06-9990

ELAINE BILSTAD and STATE FARM            *      SECTION "F"
FIRE AND CASUALTY COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

Mr. Palumbo's house was destroyed by Hurricane Katrina. Sometime before the storm, he secured homeowners and flood insurance from State Farm through insurance agent Elaine Bilstad. The flood insurance policy was a Write-Your-Own (WYO) policy, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA. Mr. Palumbo filed claims under his homeowners and flood insurance policy. State Farm paid Mr. Palumbo 100% of his flood damage and contents limits.

Mr. Palumbo sued State Farm and Bistad in state court, alleging breach of contract, negligence, and breach of fiduciary duty. He accuses Bilstad and State Farm of negligence and breach of fiduciary duty in the procurement of insurance, including failing to secure adequate flood insurance.

Mr. Palumbo seeks to recover the difference between his

1

flood policy and contents limits and the plaintiff's actual damage, totaling approximately $182,350. He also seeks statutory penalties.

State Farm removed the case to this Court on November 15, 2007, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP. Alternatively, Allstate argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006). The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the

2

scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); Sullivan v. State Farm and Casualty Co., et al., 2006 WL 3332832 (E.D. La. Nov. 14, 2006) (Africk, J.).

This case is no different.  Congress has granted jurisdiction to federal courts to resolve questions arising from the NFIP.  The only occasion where courts have remanded NFIP cases has been where the issue has been the procurement of insurance by the agent.  But the record does not indicate that Mr. Palumbo asked for a certain level of coverage and then relied on the representations of the agent in procuring that coverage.  In fact, this Court finds that no claim can be stated against Ms. Bilstad. The record indicates that Ms. Bilstad (through her employee Linda Kuntz) procured the insurance requested and the plaintiff claims only that his agent failed to "advise [him] of the existence of available and expanded insurance coverage which might have been available to cover the type of catastrophic levee failure which destroyed plaintiff's home and its content."  Other Sections of this Court have determined that Louisiana law imposes no duty on agents to identify spontaneously a client's needs and advise him as

3

to whether he is underinsured or carries the right type of coverage.  Dobson v. Allstate Ins. Co., 2006 WL 2078423, at *10 (E.D. La. July 21, 2006)(Vance, J.); Parker v. Lexington Ins. Co., 2006 WL 3328041 (E.D. La. Nov. 15, 2006)(Zainey, J.); Sullivan v. State Farm Fire and Cas. Ins. Co., No. 06-0004, Rec. Doc. Nos. 42, 44 (E.D. La. Apr. 6, 2006)(Duval, J.); Whitehead v. State Farm Ins. Co., No. 06-8115, Rec. Doc. 9 (E.D. La. Dec. 15, 2006)(Berrigan, C.J.).  Like the plaintiffs in Sullivan, Mr. Palumbo was "in a far better position than [his agent] to know that [his] property was worth more than the coverage limits...selected."

Mr. Palumbo, as in the cases cited above, does not contend that he requested a specific type or amount coverage that the agent then failed to provide or that Ms. Bilstad misrepresented the coverage provided; rather, plaintiff claims that the agent failed to assess independently and unilaterally the plaintiff's insurance needs and recommend higher coverage.  Defendants submit a sworn statement by the agent responsible for plaintiff's SFIP that Mr. Palumbo has had no conversations with his agent since he initially requested flood coverage and further that Mr. Palumbo has not requested an increase in flood policy limits.  As held by other Sections of this Court, the Court finds that Mr. Palumbo has no possibility of recovery from Ms. Bilstad under Louisiana law for her alleged failure to spontaneously identify Mr. Palumbo's insurance needs.

Because the plaintiff can state no cause of action against Bilstad, the Court finds that she has been improperly joined as a defendant. Therefore, this Court must disregard her local citizenship and exercise its diversity jurisdiction; Mr. Palumbo and State Farm are of diverse citizenship and the amount in controversy exceeds the jurisdictional requisite. The Court finds it unnecessary to address the defendant's other bases for jurisdiction.

Accordingly, the plaintiff's motion to remand is DENIED. The plaintiff's claims against Elaine Bilstad are hereby dismissed.

New Orleans, Louisiana, February 26, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5